**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

DISTRICT OF DELAWARE

Case number *(if known)* _____    Chapter __7__

☐ Check if this an amended filing

## Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy

4/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | | |
|---|---|---|---|
| 1. | **Debtor's name** | **Taylor Gourmet 1116 H LLC** | |
| 2. | **All other names debtor used in the last 8 years**<br>Include any assumed names, trade names and *doing business as* names | | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 61-1565248 | |

4. **Debtor's address**

| **Principal place of business** | **Mailing address, if different from principal place of business** |
|---|---|
| **1116 H Street NE**<br>**Washington, DC 20002**<br>Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| **District of Columbia**<br>County | **Location of principal assets, if different from principal place of business**<br><br>Number, Street, City, State & ZIP Code |

5. **Debtor's website** (URL)    **www.taylorgourmet.com**

6. **Type of debtor**

☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

Debtor    **Taylor Gourmet 1116 H LLC**                                    Case number (*if known*) _____
          Name

---

**7.  Describe debtor's business**    A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
See http://www.uscourts.gov/four-digit-national-association-naics-codes.

        7225

---

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**    *Check one:*

■ Chapter 7

☐ Chapter 9

☐ Chapter 11. *Check all that apply*:

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

---

**9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

■ No.

☐ Yes.

If more than 2 cases, attach a separate list.

| | | | | | |
|---|---|---|---|---|---|
| District | _____ | When | _____ | Case number | _____ |
| District | _____ | When | _____ | Case number | _____ |

---

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No

■ Yes.

List all cases. If more than 1, attach a separate list

| | | | |
|---|---|---|---|
| Debtor | **See Rider 1** | Relationship | **Affiliate** |
| District | **Delaware** | When | Case number, if known |

---

| Debtor | **Taylor Gourmet 1116 H LLC** | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

**11. Why is the case filed in this district?**

*Check all that apply:*

■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

■ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No

☐ Yes.  Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____

Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.  Insurance agency _____

Contact name _____

Phone _____

---

**■ Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

☐ Funds will be available for distribution to unsecured creditors.

■ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ■ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

**15. Estimated Assets**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ■ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50  million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ■ $10,000,001 - $50  million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

Debtor  **Taylor Gourmet 1116 H LLC**
Name

Case number (*if known*)

 **Request for Relief, Declaration, and Signatures**

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor

I have examined the information in this petition and have a reasonable belief that the information is trued and correct

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  09/27/2018
MM / DD / YYYY

X _____
Signature of authorized representative of debtor

**Casey Patten**
Printed name

Title  **Co-Chief Executive Officer**

**18. Signature of attorney**

X _____
Signature of attorney for debtor

Date 09/27/2018
MM / DD / YYYY

**Colin R. Robinson**
Printed name

**Pachulski Stang Ziehl & Jones LLP**
Firm name

**919 N. Market Street**
**17th Floor**
**Wilmington, DE 19899**
Number, Street, City, State & ZIP Code

Contact phone  **302-652-4100**    Email address  **crobinson@pszjlaw.com**

**5524 DE**
Bar number and State

## Rider 1 to Voluntary Petition

On the date hereof, each of the affiliated entities listed below, including the debtor in this chapter 11 case (collectively, the "Debtors"), filed a petition in this Court for relief under chapter 7 of title 11 of the United States Code.  Contemporaneously with the filing of their petitions, the Debtors filed a motion requesting an order authorizing joint administration of the cases with that of Taylor Gourmet LLC, the Lead Debtor for administrative purposes only.

Taylor Gourmet LLC
1418 14th, LLC
East Coast Mgmt LLC
Taylor Gourmet 1 N Dearborn LLC
Taylor Gourmet 1001 Penn LLC
Taylor Gourmet 1116 H LLC
Taylor Gourmet 1150 Connecticut LLC
Taylor Gourmet 1200 19th LLC
Taylor Gourmet 1401 K LLC
Taylor Gourmet 1750 Pennsylvania LLC
Taylor Gourmet 1910 14TH LLC
Taylor Gourmet 2200 Crystal LLC
Taylor Gourmet 4000 Wilson LLC
Taylor Gourmet 485 K LLC
Taylor Gourmet 624 E LLC
Taylor Gourmet 7280 Woodmont LLC
Taylor Gourmet 8535 Fenton LLC
Taylor Gourmet 888 17th LLC
Taylor Gourmet Ballpark LLC
Taylor Gourmet Boro LLC
Taylor Gourmet Merrifield LLC
Taylor Gourmet MGMT LLC
Taylor Gourmet N Morgran Street LLC
Taylor Gourmet Pike & Rose LLC
Taylor Gourmet Wharf LLC
Taylor Gourmet Willis Tower LLC

**OMNIBUS UNANIMOUS WRITTEN CONSENT
OF THE SOLE MEMBER
OF
EAST COAST MGMT LLC
TAYLOR GOURMET 1 N DEARBORN LLC
TAYLOR GOURMET 1001 PENN AVE LLC
TAYLOR GOURMET 1116 H LLC
TAYLOR GOURMET 1150 CONNECTICUT LLC
TAYLOR GOURMET 1200 19TH LLC
TAYLOR GOURMET 1401 K LLC
TAYLOR GOURMET 1750 PENNSYLVANIA LLC
TAYLOR GOURMET 1910 14TH LLC
TAYLOR GOURMET 2200 CRYSTAL LLC
TAYLOR GOURMET 4000 WILSON LLC
TAYLOR GOURMET 485 K LLC
TAYLOR GOURMET 624 E LLC
TAYLOR GOURMET 7280 WOODMONT LLC
TAYLOR GOURMET 8535 FENTON LLC
TAYLOR GOURMET 888 17TH LLC
TAYLOR GOURMET BALLPARK LLC
TAYLOR GOURMET BORO LLC
TAYLOR GOURMET MERRIFIELD LLC
TAYLOR GOURMET MGMT LLC
TAYLOR GOURMET N MORGAN STREET LLC
TAYLOR GOURMET PIKE & ROSE LLC
TAYLOR GOURMET WHARF LLC
TAYLOR GOURMET WILLIS TOWER LLC
1418 14TH, LLC**

The undersigned, being the sole member of each of the limited liability companies listed above (each shall be referred to herein as the "**Company**"), each a Delaware limited liability company, does hereby consent to the adoption of the following resolutions, which resolutions shall have the same force and effect as if adopted by the sole member of such limited liability company at a duly convened meeting held for such purposes:

WHEREAS, Taylor Gourmet, LLC (the "**Member**") is the sole member of the Company;

WHEREAS, the Member, acting pursuant to the laws of the State of Delaware, has considered the financial and operational aspects of the Company's business;

WHEREAS, the Member has reviewed the historical performance of the Company, the market for the Company's products, and the current and long-term liabilities of the Company;

WHEREAS, the Member has, over the last several months, reviewed the materials presented to it by the management of and the advisors to the Company regarding the possible need to undertake a financial and operational restructuring of the Company; and

WHEREAS, the Member has analyzed each of the financial and strategic alternatives available to it, including those available on a consensual basis with the principal stakeholders of the Company, and the impact of the foregoing on the Company's business and its stakeholders.

NOW, THEREFORE, BE IT RESOLVED, that in the judgment of the Member, it is desirable and in the best interests of the Company, its creditors, employees, members and other interested parties that a petition be filed by the Company seeking relief under the provisions of chapter 7 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware;

RESOLVED, that the officers of the Company (each, an "**Authorized Officer**") be, and each of them hereby is, authorized, empowered and directed on behalf of the Company to execute, verify and file all petitions, schedules, lists, and other papers or documents, and to take and perform any and all further actions and steps that any such Authorized Officer deems necessary, desirable and proper in connection with the Company's chapter 7 case, with a view to the successful prosecution of such case;

FURTHER RESOLVED, that the Company be, and hereby is, authorized and directed to employ the law firm of Pachulski Stang Ziehl & Jones LLP ("PSZJ") as general bankruptcy counsel to assist the Company in filing under Chapter 7 of the Bankruptcy Code; and it is

FURTHER RESOLVED, that the Company is authorized, empowered and directed to take any and all further action and to execute and deliver any and all such further instruments and documents and to pay all such expenses (subject to Bankruptcy Court approval, if necessary), where necessary or appropriate in order to carry out fully the intent and accomplish the purposes of the resolutions adopted herein; and it is

FURTHER RESOLVED, that all actions taken by the Company prior to the date hereof in connection with the liquidation of the Company or any matters related thereto, or by virtue of these resolutions, are hereby in all aspects ratified, confirmed, and approved.

*[Signature page follows]*

2

IN WITNESS WHEREOF, the undersigned have duly executed this Consent as of September 2, 2018.

Taylor Gourmet LLC
Sole Member

By: _____
Casey Patten
Co-Chief Executive Officer

*SIGNATURE PAGE TO UNANIMOUS WRITTEN CONSENT OF*
*SOLE MEMBER OF TAYLOR GOURMET 485 K LLC*

4

**Fill in this information to identify the case:**

Debtor name    **Taylor Gourmet 1116 H LLC**

United States Bankruptcy Court for the:    DISTRICT OF DELAWARE

Case number (if known)

☐ Check if this is an amended filing

## Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**Declaration and signature**

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)*
☐   *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*
☐   *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*
☐   *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*
☐   *Schedule H: Codebtors (Official Form 206H)*
☐   *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*
☐   Amended Schedule
☐   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*
■   Other document that requires a declaration    **Corporate Ownership Statement and Creditor Matrix Certification**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   09/27/2018    **X** 

         Signature of individual signing on behalf of debtor

         **Casey Patten**
         Printed name

         **Co-Chief Executive Officer**
         Position or relationship to debtor

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com        Best Case Bankruptcy

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| TAYLOR GOURMET 1116 H LLC, | Case No. 18-_____ (___) |
| Debtor. | |

## CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

      Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the Debtor, certifies that the following is a corporation other than the Debtor, or a governmental unit, that directly or indirectly owns 10% or more of any class of the corporation's equity interests, or states that there are no entities to report under FRBP 7007.1.

☐ None [*check if applicable*]

      Name:        Taylor Gourmet LLC
      Address:     1116 H Street NE
                   Washington, DC 20002

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| TAYLOR GOURMET 1116 H LLC, | Case No. 18-_____ (___) |
| Debtor. | |

## CERTIFICATION OF CREDITOR MATRIX

Pursuant to Rule 1007-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware, the above captioned debtor (the "Debtor") hereby certifies that the *Creditor Matrix* submitted herewith contains the names and addresses of the Debtor's creditors.  To the best of the Debtor's knowledge, the *Creditor Matrix* is complete, correct, and consistent with the Debtor's books and records.

The information contained herein is based upon a review of the Debtor's books and records as of the petition date.  However, no comprehensive legal and/or factual investigations with regard to possible defenses to any claims set forth in the *Creditor Matrix* have been completed.  Therefore, the listing does not, and should not, be deemed to constitute: (1) a waiver of any defense to any listed claims; (2) an acknowledgement of the allowability of any listed claims; and/or (3) a waiver of any other right or legal position of the Debtor.

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
## District of Delaware

In re    **Taylor Gourmet 1116 H LLC**

Case No.

Debtor(s)

Chapter    **7**

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1. Pursuant to 11 U .S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | | |
|---|---|---|
| For legal services, I have agreed to accept | $ | **66,158.00** |
| Prior to the filing of this statement I have received | $ | **66,158.00** |
| Balance Due | $ | **0.00** |

2. $ **335.00** of the filing fee has been paid.

3. The source of the compensation paid to me was:

☐ Debtor    ■ Other (specify):    **The Firm has received payment of $66,158.00 as a paid in full retainer to represent all of the Debtors in connection with their chapter 7 cases subject to the terms of our Retainer Letter.**

4. The source of compensation to be paid to me is:

■ Debtor    ☐ Other (specify):

5. ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

6. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
c. [Other provisions as needed]
    **Represent the Debtor at any initial debtor interview and meeting of creditors under section 341 of the Bankruptcy Code.**

7. By agreement with the debtor(s), the above-disclosed fee does not include the following service:
    **(a) Representation of the Debtor's officers, directors, or other employees or agents, (b) Representation of the Debtor in any matter, adversary proceeding, or other claim filed or asserted by the Debtor or a party in a chapter 7 case of the Debtor, (c) Representation of the Debtor on issues of non-bankruptcy law, or the provision of substantive legal advice outside the insolvency area, unless we agree to represent the Debtor in such matters, and (d) advice or representation regarding matters of taxation, labor, securities, ERISA, probate/estate planning, criminal, or other non-bankruptcy or non-debtor/creditor specialties of the law.**

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

09/27/2018

Date

**Colin R. Robinson**
*Signature of Attorney*
**Pachulski Stang Ziehl & Jones LLP**
**919 N. Market Street**
**17th Floor**
**Wilmington, DE 19899**
**302-652-4100**
**crobinson@pszjlaw.com**
*Name of law firm*